UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JILL MICELI and FRANK MICELI, | § | CV. NO. 1:13-CV-1032-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON FKA THE BANK OF NEW | § | |
| YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATE HOLDERS OF | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-12 and | § | |
| THE CERTIFICATE HOLDERS OF | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-12, | § | |
| | § | |
| Defendants. | § | |

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation filed by Magistrate

Judge Mark Lane on November 13, 2014 (Dkt. # 20). Plaintiffs Jill and Frank

Miceli (collectively, "Plaintiffs") filed Objections to the Magistrate's Report and

Recommendation (Dkt. # 22), and Defendant The Bank of New York Mellon FKA

The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc.,

Asset-Backed Certificates, Series 2007-12 ("Defendant") filed a Response (Dkt.

1

# 23).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration, and for the reasons given below, this Court **ACCEPTS** the Magistrate Judge's Report and Recommendation.  The Court will **GRANT** Defendant Bank of New York Mellon's Motion for Summary Judgment (Dkt. # 13) and **GRANT** summary judgment as to the claims against Defendant The Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12.

<u>BACKGROUND</u>

On March 23, 2007, Plaintiffs executed a promissory Home Equity Loan Note ("Note") payable to Decision One Mortgage, LLC and a Security Instrument ("Deed of Trust") granting Decision One Mortgage a security interest in the property located at 1721 Lakeway Boulevard, Austin, Texas 78734 (the "Property").  ("Cashel Decl.," Dkt. # 13-1, Ex. A ¶ 4; "Note," Dkt. # 13-2, Ex. A-1; "Deed of Trust," Dkt. # 13-3, Ex. A-2.)  The Deed of Trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, and expressly gives MERS the right to exercise the interests granted by Plaintiffs in the Deed of Trust, including the right to foreclose and sell the property.  (Deed of Trust at 2, 3.)  Plaintiffs began to miss mortgage payments in October 2007.  (Cashel Decl. ¶ 6; "Orig. Pet.," Dkt. # 1-1 ¶ 8.)

2

MERS assigned the Deed of Trust to Defendant on February 28, 2012. (Cashel Decl. ¶ 7; Dkt. # 13-5 at 2.)  The assignment was recorded in county property records on March 1, 2012.  (Cashel Decl. ¶ 7; Dkt. # 13-5 at 2.)  On August 15, 2012, Defendant filed an Application for a Home Equity Foreclosure Order in the 98th Judicial District Court of Travis County, Texas.  (Cashel Decl. ¶ 8.)  On June 27, 2013, that court issued a Home Equity Foreclosure Order authorizing the foreclosure sale of the Property.  (Dkt. # 13-7, Ex. A-6 at 2.)  The foreclosure sale has not taken place.  (Cashel Decl. ¶ 10.)

Plaintiffs filed their Original Petition in the 419th Judicial District Court of Travis County, Texas on October 28, 2013.  (Dkt. # 1 ¶ 1.)  Plaintiffs allege that CWABS, Inc., Asset-Backed Certificates, Series 2007-12 ("CWABS Trust"), the trust for which Defendant Bank of New York Mellon is the trustee, did not legitimately acquire Plaintiffs' loan because it was assigned after the closing date set by the pooling and servicing agreement ("PSA") that governs the trust. (Orig. Pet. ¶¶ 10–12.)  Plaintiffs further allege that Defendant violated the Texas Civil Practices and Remedies Code by making, presenting, or using documents or other records with knowledge that the records were a fraudulent claim against real property.  (Id. ¶ 20.)  Plaintiffs seek a declaratory judgment that Defendants have

no power over their mortgage, damages, attorney's fees, and to quiet title.  (Id. ¶ 16–22.)

On November 27, 2013, Defendant filed a Notice of Removal in this court.  (Dkt. # 1.)  Defendant subsequently filed a counterclaim against Plaintiffs on December 4, 2013.  (Dkt. # 4.)  On September 26, 2014, Defendant filed a Motion for Summary Judgment.  (Dkt. # 13.)  On November 13, 2014, Magistrate Judge Mark Lane issued a Report and Recommendation finding that summary judgment should be granted for Defendants.  (Dkt. # 20.)

## LEGAL STANDARD

A.   Review of Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to

have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A

district court need not consider "[f]rivolous, conclusive, or general objections."

Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles

v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds

by Douglass v. U.S. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

        Findings to which no specific objections are made do not require de

novo review; the Court need only determine whether the Report and

Recommendation is clearly erroneous or contrary to law.  United States v. Wilson,

864 F.2d 1219, 1221 (5th Cir. 1989).

B.    Summary Judgment

        A court must grant summary judgment when "the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P.

Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  "Substantive law will

identify which facts are material."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A dispute is only genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  Id.

        In seeking summary judgment, the moving party bears the initial

burden of demonstrating the absence of a genuine issue of material fact.  Celotex

5

Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (internal quotation marks omitted).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

6

DISCUSSION

The Magistrate Judge recommended that the Court grant Defendant's

Motion for Summary Judgment and sua sponte grant summary judgment as to

Plaintiffs' claims against the CWABS Trust.  (Dkt. # 20 at 15.)  The Magistrate

Judge specifically found that:

- The affidavit of Jane Cashel is competent summary judgment evidence;
- Defendant has the authority to foreclose on the Property;
- Plaintiffs' claim to quiet title fails as a matter of law;
- Plaintiffs' claim under Section 12.002 of the Texas Civil Practices and Remedies Code fails as a matter of law;
- Plaintiffs are not entitled to declaratory relief; and
- Plaintiffs' claims against Defendant CWABS Trust, which are based on the same facts and arguments as their claims against Defendant Bank of New York Mellon, are without merit and summary judgment should thus be granted in favor of CWABS Trust.

Plaintiffs object to all of the Magistrate Judge's findings except the

finding that the declaration of Jane Cashel is competent summary judgment

evidence.  The Court will address the findings in the order in which they were

presented by the Magistrate Judge.

A.    Cashel Declaration

Because Plaintiffs have not objected to the Magistrate Judge's finding

that the Cashel Declaration is competent summary judgment evidence, the Court

reviews it for clear error.  In the Declaration, Cashel states that her testimony is

7

based upon her personal knowledge, gained in her capacity as a representative for

Bank of America, and that the documents presented are kept by Bank of America

in the ordinary course of business or filed of public record.  (Cashel Decl. ¶¶ 1–3.)

These statements are sufficient to satisfy Federal Rule of Civil Procedure 56(c)(4),

which requires that "an affidavit or declaration used to support or oppose a

[summary judgment] motion must be made on personal knowledge, set out facts

that would be admissible in evidence, and show that the affiant or declarant is

competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  As a result,

the Magistrate Judge's recommendation is not clearly erroneous or contrary to law,

and the Court will consider the Cashel Declaration as summary judgment evidence.

B.    Defendant's Authority to Foreclose on the Property

       The Magistrate Judge rejected each of Plaintiffs' arguments in support

of their position that Defendant does not have the authority to foreclose on the

Property.  Specifically, the Magistrate Judge found that Plaintiffs lack standing to

challenge the assignment on the ground that it violates the terms of the PSA

governing the CWABS Trust; that MERS had the authority to assign the loan

under the Deed of Trust; that the assignment was valid regardless of whether

Defendant possessed the Note itself; and that Plaintiffs' argument that the Note

was a forgery lacks evidence and would not in any case affect Defendant's

authority to foreclose.  (Dkt. # 20 at 7–11.)  The Court will address each of these findings in turn.

      1.    <u>Violation of the CWABS Trust PSA</u>

Under Texas law, a non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary.  <u>Reinagel v. Deutsche Bank Nat'l Trust Co.</u>, 735 F.3d 220, 224–25 (5th Cir. 2013) (citing <u>S. Tex. Water Auth. v. Lomas</u>, 223 S.W.3d 304, 306 (Tex. 2007)).  Parties are presumed to contract for themselves, and this presumption applies "unless it clearly appears that they intended a third party to benefit from the contract."  <u>Id.</u> at 228 (quoting <u>Basic Capital Mgmt., Inc. v. Dynex Commercial</u>, 348 S.W.3d 894, 900 (Tex. 2011) (internal quotation marks omitted)).  This principle is sometimes explained in terms of "standing"—that is, a non-party to a contract does not have standing to sue to enforce the contract unless she is an intended third-party beneficiary.  <u>Id.</u> at 225 (citing <u>Neal v. SMC Corp.</u>, 99 S.W.3d 813, 817 (Tex. Ct. App. 2003)).  However, an obligor may defend against an assignee's efforts to enforce the obligation on any ground that renders the assignment void.  <u>Id.</u> at 225 (citing <u>Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.</u>, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)); <u>Vazquez v. Deutsche Bank Nat'l Trust Co., N.A.</u>, 441 S.W.3d 783, 787 (Tex. App. 2014).

Plaintiffs argue that the Magistrate Judge misapplied the Fifth Circuit's decision in <u>Reinagel v. Deutsche Bank National Trust Co.</u>, 735 F.3d 220, 224–25 (5th Cir. 2013), which Plaintiffs contend was limited by a subsequent decision of a Texas appellate court in <u>Vazquez v. Deutsche Bank National Trust Co., N.A.</u>, 441 S.W.3d 783 (Tex. App. 2014).  (Dkt. # 22 at 5.)  Plaintiffs' argument misreads both cases.  In <u>Reinagel</u>, the Fifth Circuit held that under Texas law, plaintiffs who were not parties to the assignment of a promissory note and deed of trust had standing to challenge the assignment on the basis that the assignment was void.  <u>Reinagel</u>, 735 F.3d at 224–25.  In <u>Vazquez</u>, the Texas Court of Appeals in Houston favorably discussed the Fifth Circuit's decision in agreeing that a plaintiff not party to the assignment of a deed of trust could challenge the assignment as void.  <u>Vazquez</u>, 441 S.W.3d at 787.

The Fifth Circuit in <u>Reinagel</u> also held, however, that the plaintiffs' attack on the assignments of their loan instruments based on a violation of the PSA governing the defendant bank's mortgage pool failed because 1) plaintiffs were not parties to or third-party beneficiaries of the PSA and thus could not enforce its terms, and 2) a violation of the PSA would not render the assignments void. <u>Reinagel</u>, 735 F.3d at 228.  That decision precisely covers the argument presented here by Plaintiffs, and <u>Vazquez</u> does not in any way contradict or limit its holding.

10

Plaintiffs further argue that the assignment was illegal and thus void as contrary to public policy under 26 U.S.C. § 860G(a)(3)(ii).[1]  (Dkt. # 22 at 6–8, 10–12.)   That provision, located in Subtitle A of the Internal Revenue Code, relates to the income taxation of real estate mortgage investment conduits ("REMICs").  See 26 U.S.C. § 860A.  The definition of a REMIC includes the requirement that "substantially all" of the qualifying entity's assets "consist of qualified mortgages and permitted investments" "as of the close of the 3rd month beginning after the startup day and at all times thereafter."  Id. § 860D(a)(4).  The statute requires a "qualified mortgage" to be purchased by the REMIC within three months of its the startup date.  Id. § 860G(a)(3)(ii).  Plaintiffs argue that because the Deed of Trust was not transferred to the CWABS Trust, a REMIC, within the three-month time limit for qualified mortgages, it was illegal and thus void.  (Dkt. # 22 at 10.)

Plaintiffs' argument is entirely frivolous.  Plaintiffs cite no relevant authority to support the proposition that the possibility that a transaction may negatively affect the tax-exempt status of a trust renders the transaction illegal or void.  A trust's qualification for REMIC status under the Internal Revenue Code

_____

[1] Plaintiffs did not present this argument to the Magistrate Judge, but instead included it for the first time in their Objections to the Report and Recommendation.

11

has nothing to do with the validity of assignments made to the trust. Plaintiffs'

attack on Defendant's authority to foreclose on the Property based on the

assignment's alleged violation of the terms of the PSA thus fails as a matter of law.

2.     Authority of MERS to Assign Deed of Trust

Absent a clause limiting assignment, a deed of trust is assignable.

Crowell v. Bexar Cnty., 351 S.W.3d 114, 117 (Tex. App. 2011) (citing Vernor v.

Sw. Fed. Land Bank Ass'n, 77 S.W.3d 364, 366 (Tex. App. 2002)). Here, the

Deed of Trust contains no limitations on assignment. The Deed of Trust provides

that MERS is the mortgagee under the instrument "acting solely as nominee for

Lender and Lender's successors and assigns." (Deed of Trust at 1.) The Deed of

Trust further provides that:

> MERS (as nominee for Lender and Lender's successors and assigns)
> has the right: to exercise any or all of those interests [granted by
> Plaintiffs in the Deed of Trust], including, but not limited to, the right
> to foreclose and sell the Property; and to take any action required of
> Lender including, but not limited to, releasing and canceling this
> Security Instrument.

(Id. at 2.) Additionally, as the mortgagee, MERS had the authority to grant a

mortgage servicer the authority to foreclose or bring the foreclosure action itself.

Martins v. BAC Home Loans Serv., L.P., 722 F.3d 249, 255 (5th Cir. 2013). The

Court thus agrees with the Magistrate Judge that MERS had the authority to assign

12

the Deed of Trust, and its ability to foreclose on the Property under its terms, to

Defendant.

Plaintiffs' objection to the Magistrate Judge's finding is based on its

argument that the assignment was illegal.  (Dkt. # 22 at 14.)  The Court has

dispensed with this argument above.  Plaintiffs' attack on Defendant's authority to

foreclose on the Property on the basis of MERS' capacity to assign the Deed of

Trust thus fails as a matter of law.

3.      Separation of Note and Deed of Trust

Plaintiffs did not object to the Magistrate Judge's finding that the

Texas law does not require a promissory note to be assigned together with a deed

of trust, and the assignment of the Deed of Trust to Defendant was thus valid

regardless of whether MERS contemporaneously assigned the Note.  The Court

reviews this finding for clear error.

Under Texas law, "[i]t is so well settled as not to be controverted that

the right to recover a personal judgment for a debt secured by a lien on land and

the right to have a foreclosure of lien are severable."  Martins, 722 F.3d at 255

(quoting Carter v. Gray, 81 S.W.2d 647, 648 (Tex. 1935)).  "Where a debt is

secured by a note, which is, in turn, secured by a lien, the lien and the note

constitute separate obligations."  Id. (citing Aguero v. Ramirez, 70 S.W. 3d 372,

13

374 (Tex. App. 2002)) (internal quotation marks omitted); see also Howard v. JP

Morgan Chase NA, No. SA-12-CV-440-DAE, 2013 WL 1694569, at *2–3 (W.D.

Tex. Apr. 18, 2013).  The Magistrate Judge's conclusion that the assignment of the

Deed of Trust to Defendant without concurrent assignment of the Note did not

render the assignment invalid is thus neither clearly erroneous nor contrary to law.

      4.    Forgery of the Note

      A deed that is forged is void.  Lighthouse Church of Cloverleaf v. Tex.

Bank, 889 S.W.2d 595, 603 (Tex. App. 1994).  The Texas Supreme Court has held

that, "when a person signs his true name, purporting to act as the agent of another,

he generally has not committed a forgery."   Nobles v. Marcus, 533 S.W.2d 923,

926 (Tex. 1976).  It further explained:

> An agent may commit forgery by signing an instrument in
> disobedience of his instructions or in improper exercise of authority,
> but one who executes an instrument purporting on its face to be
> executed by him as an agent, when in fact he has no authority to
> execute such instrument, is not guilty of forgery.

Id. at 927 (citation omitted).

      Plaintiffs claim that the Note was a forgery and any attempted

assignment was therefore void.  (Dkt. # 22 at 14.)  Plaintiffs' claim is based on

differences between the copies of the Note submitted by Defendant (Dkt. # 13-2,

Ex. A-1) and that submitted by Plaintiffs (Dkt. # 16, Ex. B-3), which consist of the

14

addition of a barcode label and an endorsement stamp.  The Court finds that such alterations are not evidence of forgery sufficient to establish a genuine dispute of material fact as to the Note's authenticity.

Additionally, because Defendant's authority to foreclose is based on the Deed of Trust, Plaintiffs' attack on the validity of the Note would have no effect on Defendant's authority to foreclose.  "The 'split-the-note' theory is . . . inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned.  The party to foreclose need not possess the note itself."  Martins v. BAC Home Loans Serv., L.P., 722 F.3d 249, 255 (5th Cir. 2013).

Plaintiffs have thus failed to establish a genuine dispute of material fact as to the validity of the assignment and Defendant's authority to foreclose on the Property.  These issues form the basis for Plaintiffs' claims to quiet title, violation of the Texas Civil Remedies and Practice Code, and declaratory judgment, and as a result, each of these claims fail.  The Court will discuss each in turn.

C.    Quiet Title

A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim.  Florey v.

Estate of McConnell, 212 S.W.3d 439, 448 (Tex. App. 2006).  "Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner."  Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. 2000).  "In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief."  Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. 2009).  "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."  Gordon v. W. Hous. Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App. 2011).

       To state a quiet title claim, a plaintiff must show: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.  Sadler v. Duvall, 815 S.W.2d 285, 293 n.2 (Tex. App. 1991)).  A plaintiff further "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."  Wright, 26 S.W.3d at 578.

       Plaintiffs have failed to establish a genuine dispute of material fact as to the third element of a quiet title claim.  Plaintiffs' assertion that Defendant's

16

claim of right to foreclose on the Property is invalid is based on their allegation

that the assignment of the mortgage was defective and that Defendant as a result

has no authority to foreclose.  (Dkt. # 22 at 15.)  The Court has considered and

rejected these arguments above.  Plaintiffs have therefore not shown the superiority

of its title as compared to Defendant, and Defendant is thus entitled to summary

judgment on Plaintiffs' claim to quiet title.[2]

D.   Texas Civil Practice & Remedies Code § 12.002

Plaintiffs allege that Defendant violated Texas Civil Practice &

Remedies Code § 12.002 by filing the assignment and Note with knowledge that

the documents were fraudulent and with the intent to cause them financial injury.

(Orig. Pet. ¶ 20.)  Section 12.002(a) provides:

A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record
or a fraudulent lien or claim against real or personal property or an interest
in real or personal property;

(2) intent that the document or other record be given the same legal effect as
a court record or document of a court created by or established under the

---

[2] The Court further notes that the Fifth Circuit, in a non-precedential opinion, has
held that a plaintiff could not sustain a quiet title action where he did not contest
the validity of the deed of trust or claim an interest superior to the defendant, but
instead merely questioned the defendant's authority to enforce the deed of trust
based on a challenge to the validity of the assignment of the deed of trust.
Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. 12-20623, 2013 WL
2422778, at *2 (5th Cir. June 4, 2013).

constitution or laws of this state or the United States or another entity listed
in Section 37.01, Penal Code, evidencing a valid lien or claim against real or
personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

      (A) physical injury;

      (B) financial injury; or

      (C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a).

      The party asserting a claim under Section 12.002 has the burden to prove the requisite elements of the statute, including that the defendant used a document or record despite knowing that it reflected a fraudulent lien or claim against real property.  Salomon v. Lesay, 369 S.W.3d 540, 549 (Tex. App. 2012); Aland v. Martin, 271 S.W.3d 424, 430 (Tex. App. 2008).  Plaintiffs' claim is based on their allegation that the assignment of their mortgage was invalid and that the Note was a forgery.  The Court has rejected these arguments for the reasons discussed above, and Plaintiffs have thus failed to show that Defendant made, presented, or used a fraudulent document.  The Court further notes that Plaintiffs have presented no evidence that Defendant filed the allegedly fraudulent documents with intent to cause another person to suffer financial injury.

18

Defendant is therefore entitled to judgment as a matter of law on Plaintiffs' Section 12.002 claims.

E.    Declaratory Relief

Plaintiffs seek a declaratory judgment finding that the Note and Deed of Trust were never placed in the CWABS Trust and that Defendant and the CWABS Trust had no power over the mortgage.  (Orig. Pet. ¶ 16.)  To be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing controversy between the two adverse parties."  Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).  The Act does not create substantive rights; it is merely a procedural device that enhances the remedies available to plaintiffs in federal court.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–72 (1950); Appling County v. Municipal Elec. Auth. of Georgia, 621 F.2d 1301, 1303 (5th Cir. 1980).  The Texas Uniform Declaratory Judgments Act is similarly a procedural device that does not create any substantive rights or causes of action.  Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996).

Plaintiffs have failed to present evidence establishing a genuine dispute of material fact regarding the invalidity of the assignment of the Deed of

19

Trust and Note.  Thus, in the absence of a viable substantive claim, Plaintiffs'

request for a declaratory judgment is without merit.  See, e.g., Marsh v. JPMorgan

Chase Bank, N.A., 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).  Defendant is thus

entitled to judgment as a matter of law on this claim.

F.      Summary Judgment for CWABS Trust

        Plaintiffs' Original Petition names The Certificate Holders of

CWABS, Inc., Asset-Backed Certificates, Series 2007-12, the trust for which

Defendant Bank of New York Mellon is a trustee, as a defendant in this case.  The

Magistrate Judge recommended that the Court grant summary judgment for

CWABS Trust, as a nonmovant, because Plaintiffs' claims against CWABS Trust

are based on the same allegations concerning the assignment of the mortgage

rejected by the Magistrate.  (Dkt. # 20 at 14.)  Plaintiffs' objection to the

Magistrate's recommendation states only that CWABS Trust did not file a

dispositive motion, and thus should not be granted summary judgment.

        A district court may grant summary judgment for a nonmovant after

giving notice and a reasonable time to respond.  Fed. R. Civ. P. 56(f)(1).

"[D]istrict courts are widely acknowledged to possess the power to enter summary

judgments sua sponte, so long as the losing party was on notice that she had to

come forward with all of her evidence."  Celotex Corp. v. Catrett, 477 U.S. 317,

20

326 (1986).  Here, the Magistrate's Report and Recommendation served to notify Plaintiffs that summary judgment could be granted in favor of Defendant CWABS Trust absent additional evidence establishing a genuine dispute of material fact as to Plaintiffs' claims.  The Court above has rejected Plaintiffs' arguments concerning the validity of the assignment of their mortgage, and Plaintiffs have presented no additional evidence to support its claims against CWABS Trust.  The Court therefore finds that CWABS Trust is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Bank of New York Mellon's Motion for Summary Judgment, and **GRANTS** summary judgment in favor of Defendant The Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12.

**IT IS SO ORDERED**.

**DATE**: San Antonio, Texas, January 21, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

21