IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


| | | |
|---|---|---|
| JILL MICELI and FRANK MICELI, | § | CV NO. 1:13-CV-01032-DAE |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON FKA THE BANK OF NEW | § | |
| YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-12 and | § | |
| THE CERTIFICATEHOLDERS OF | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 1007-12, | § | |
| | § | |
| Defendants. | § | |

_____

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration filed by Plaintiffs Jill and Frank Miceli ("Plaintiffs") asking the Court to reconsider its order allowing Defendant The Bank of New York Mellon FKA The Bank of New York ("Defendant") to file its motion for summary judgment out of time (Dkt. # 28). The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule CV-7(h).  For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

## BACKGROUND

Plaintiffs filed their Original Petition in the 419th Judicial District Court of Travis County, Texas on October 28, 2013.  (Dkt. # 1-1.)  Plaintiffs alleged that CWABS, Inc., Asset-Backed Certificates, Series 2007-12 ("CWABS Trust"), the trust for which Defendant is the trustee, did not legitimately acquire Plaintiffs' loan.  (Orig. Pet. ¶¶ 10–12.)  Plaintiffs further alleged that Defendant violated the Texas Civil Practices and Remedies Code by making, presenting, or using documents or other records with knowledge that the records were a fraudulent claim against real property.  (Id. ¶ 20.)

On November 27, 2013, Defendant filed a Notice of Removal in this Court.  (Dkt. # 1.)  Defendant subsequently filed a counterclaim against Plaintiffs on December 4, 2013.  (Dkt. # 4.)  On September 26, 2014, Defendant filed a Motion for Summary Judgment on Plaintiffs' claims.  (Dkt. # 13.)  On November 13, 2014, Magistrate Judge Mark Lane issued a Report and Recommendation finding that summary judgment should be granted for Defendant.  (Dkt. # 20.)  On January 21, 2015 this Court issued an order adopting the Magistrate Judge's Report and Recommendation, granting Defendant's Motion for Summary Judgment, and granting summary judgment in favor of Defendant CWABS Trust.  (Dkt. # 26.)

On February 5, 2015, Defendant filed a Motion for Leave to File a Motion for Summary Judgment on its counterclaim.  (Dkt. # 27.)  Plaintiffs did not

respond to the Motion within the seven days provided to respond to

non-dispositive motions under the Local Rules, and this Court granted Defendant's

Motion on February 13, 2015.  On February 18, 2015, Plaintiffs filed the instant

Motion for Reconsideration of the Court's Order Granting Defendant's Motion for

Leave to File Motion for Summary Judgment on its Counterclaim.  (Dkt. # 28.)

Defendant filed a Response on February 29, 2015.  (Dkt. # 29.)

## LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not provide for a

motion for reconsideration, such a motion may be considered either a Rule 59(e)

motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment

or order."  Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004).

Whether a motion is considered under Rule 59(e) or Rule 60(b) depends on when it

was filed.  See id.  A motion filed within 28 days of the judgment or order of

which the party complains is considered a motion brought under Rule 59(e).

Williams v. Thaler, 602 F.3d 291, 303 & n.7 (5th Cir. 2010); see also Fed. R. Civ.

P. 59(e).  Here, Plaintiffs filed their Motion five days after entry of the Court's

Order, and the Court will therefore consider the Motion under Rule 59.

Federal Rule of Civil Procedure 59(e) permits a litigant to challenge

the correctness of a judgment.  Three rationales can support a motion to alter or

amend under Rule 59(e): (1) the judgment exhibits "a manifest error of law or

fact"; (2) the litigant wishes to present newly discovered evidence; or (3) "there has been an intervening change in the controlling law." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863–64 (5th Cir. 2003)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).  Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," and instead is an "extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 476, 479 (5th Cir. 2004).

## DISCUSSION

Plaintiffs do not seek to present new evidence, and do not argue that there has been an intervening change in the law.  Plaintiffs instead offer the arguments that they intended, but failed, to offer in response to Defendant's Motion for Leave to file for summary judgment, explaining that they "had a response partially drafted but . . . mistakenly missed the deadline to file it."  (Dkt. # 28 at 1.)  Such arguments are precisely the kind that "could have been offered or raised before the entry of judgment," and thus cannot be properly used to support Plaintiffs' Motion under Rule 59(e).  See Templet, 367 F.3d at 479.

Even if Plaintiffs' arguments were the proper basis of a Rule 59(e) motion, absent newly discovered evidence or an intervening change in the controlling law, Plaintiffs would have to show error that "amounts to a complete disregard of the controlling law." Guy, 394 F.3d at 325. The Local Rules of the Western District of Texas set out the controlling law for the timing of submission of motions to this Court. See W.D. Tex. Local R. CV-7. Under Local Rule CV-7(e)(2), the Court may grant a motion as unopposed if the non-moving party fails to respond to a non-dispositive motion within seven days of the filing of the motion. Plaintiffs here failed to respond to Defendant's Motion for Leave within the seven-day time period, and the Court was therefore permitted to grant Defendant's Motion for Leave as unopposed.[1] Plaintiffs have therefore failed to show the manifest error required to grant a motion for reconsideration under Rule 59(e).

Plaintiffs are further unable to show manifest error on the merits of the Court's order granting Defendant leave to file for summary judgment on its counterclaim. Defendant's Motion for Leave was brought under Rule 6(b) of the Federal Rules of Civil Procedure. (Dkt. # 27 at 2.) Under Rule 6(b), when an act must be done within a specified time, the court may, for good cause, extend the

---

[1] The Court further notes that Plaintiffs' motions for extensions of time have been liberally granted throughout this action, and if Plaintiffs had wished for additional time to respond, they could have again moved for an extension. (See Dkt. ## 15, 17, 34.)

time on motion made after the time has expired if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  "[T]he determination [of excusable neglect] is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice . . . the length of delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  A district court "enjoys broad discretion to grant or deny an extension."  Salts v. Epps, 676 F.3d 468, 474 (5th Cir. 2012) (internal quotation marks omitted).

The deadline for filing dispositive motions in this action was September 29, 2014.  (Dkt. # 10.)  Defendant filed its Motion for Leave to file for summary judgment on its counterclaim on February 5, 2015.  (Dkt. # 27.)  Defendant states that its approximately four-month delay was due to its expectation that a settlement agreement could be reached that would obviate the need to obtain a judgment on its counterclaim for foreclosure.  (Id. at 5.)  Plaintiffs argue that Defendant's choice not to file for summary judgment on its counterclaim does not constitute excusable neglect.  (Dkt. # 28 at 2.)

While the lapse of four months is substantial and Defendant's reason for delay was within its control, Defendant has acted in good faith, Defendant's

motion for judgment on its counterclaim for foreclosure will not unreasonably delay resolution of this action, and allowing Defendant to file its summary judgment motion does not appreciably prejudice Plaintiffs.  Plaintiffs' suggestion that Defendant failed to file for summary judgment on its counterclaim in order to deprive Plaintiffs of the opportunity to examine Defendant's evidence is meritless—Defendant filed its counterclaim eight months before the discovery deadline, giving Plaintiffs ample time to request production of evidence relevant to Defendant's foreclosure action.  (See Dkt. ## 4, 10.)  Additionally, while Plaintiffs will incur the expense of defending against Defendant's summary judgment motion, such expense would be far greater if the Court had not permitted Defendant to file its motion and Plaintiffs were instead required to defend against Defendant's counterclaim at trial.  Finally, while Defendant undoubtedly should have timely filed for summary judgment on its counterclaim, its failure to do so was not in bad faith.

The Court's decision to grant Defendant's Motion for Leave to File Motion for Summary Judgment was thus well within its discretion under Rule 6(b), and Defendant has failed to show that the Court's Order suffered from a manifest error of law or fact.

<u>CONCLUSION</u>

For the aforementioned reasons, the Court **DENIES** Plaintiffs'

Motion to Reconsider (Dkt. # 28).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, April 17, 2015.


_____
David Alan Ezra
Senior United States Distict Judge