UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JILL MICELI and FRANK MICELI, | § | CV. No. 1:13-CV-1032-DAE |
| | § | |
| Plaintiffs/Counter-Defendants, | § | |
| | § | |
| vs. | § | |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| FKA THE BANK OF NEW YORK, AS | § | |
| TRUSTEE FOR THE | § | |
| CERTIFICATEHOLDERS OF CWABS, | § | |
| INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-12, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

ORDER GRANTING IN PART AND DENYING IN PART COUNTER-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Counter-Plaintiff The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12 ("BONYM"). (Dkt. # 30.) At the hearing, John L. Verner, Esq., represented BONYM, and David Andrew Rogers, Esq., represented Counter-Defendants Jill and Frank Miceli (collectively, the "Micelis"). After careful consideration of the arguments in the supporting and opposing memoranda and the arguments presented at the hearing, the Court, for the reasons that follow,

1

**GRANTS IN PART AND DENIES IN PART** BONYM's Motion for Summary Judgment.

## BACKGROUND

On March 23, 2007, the Micelis executed a promissory Home Equity Loan Note (the "Note") payable to Decision One Mortgage Company, LLC ("Decision One") and a Security Instrument (the "Deed of Trust") granting Decision One a security interest in the property located at 1721 Lakeway Boulevard, Austin, Texas 78734 (the "Property"). ("Bauer Decl.," Dkt. # 30-1, Ex. A ¶ 4; "Note," Dkt. # 30-1, Ex. A-1; "Deed of Trust," Dkt. # 30-1, Ex. A-2.) The Deed of Trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and beneficiary, and expressly gives MERS the right to exercise the interests granted by the Micelis in the Deed of Trust, including the right to foreclose on and sell the Property. (Deed of Trust at 1–3.) MERS, as nominee for Decision One, subsequently assigned and transferred the Note to BONYM. (Bauer Decl. ¶ 5.)

The Micelis began to miss payments in October 2007. (Dkt. # 13-1, Ex. A ¶ 6; Dkt. # 1-1 ¶ 8.) On June 16, 2008, the Micelis executed a Loan Modification Agreement as an amendment and supplement to their original loan agreement. (Bauer Decl. ¶ 5; Dkt. # 30-1, Ex. A-4.) Following the execution of the Loan Modification Agreement, the Micelis resumed making payments through

March 2010.  (Dkt. # 30-1, Ex. A-5.)  The Micelis have not made any payments on the loan since April 2010.  (Bauer Decl. ¶ 6.)

On May 17, 2010, BONYM, through it servicing agent BAC Home Loans Servicing, LP ("BAC Home Loans"), sent a Notice of Default by both regular and certified mail to the Micelis at their last known address.  (Bauer Decl. ¶ 7; Dkt. # 30-1, Ex. A-6.)  In the Notice of Default, BAC Home Loans stated that the loan was in default and that the Micelis needed to tender $5,725.16 within thirty days to become current on the loan.  (Dkt. # 30-1, Ex. A-6.)  The Notice further stated that failure to timely bring the loan current would result in acceleration of the debt.  (Id.)

On February 28, 2012, MERS assigned the Deed of Trust to BONYM. (Bauer Decl. ¶ 5; Dkt. # 30-1, A-3.)  On June 27, 2012, BONYM obtained an order from the 98th Judicial District Court of Travis County, Texas, allowing it to foreclose on the Property pursuant to Texas Rule of Civil Procedure 736.  (Dkt. # 30-1, Ex. A-8.)  On July 5, 2012, BONYM sent a Notice of Acceleration to the Micelis' last known address by both regular and certified mail stating that the loan had been accelerated.  (Dkt. # 30-1, Ex. A-7.)  As of February 28, 2015, the total amount owed on the loan is $462,992.86.  (Bauer Decl. ¶ 9; Dkt. # 30-1, Ex. A-9.)

On October 28, 2013, the Micelis filed their Original Petition in the 419th Judicial District Court of Travis County, Texas.  (Dkt. # 1 ¶ 1.)  On

3

November 27, 2013, BONYM filed a Notice of Removal in this Court, invoking the Court's diversity jurisdiction.  (Id.)  On December 4, 2013, BONYM filed a counterclaim seeking an order allowing it to foreclose on the Property.  (Dkt. # 4.)  On January 21, 2015, the Court adopted the Magistrate Judge's Report and Recommendation and granted BONYM's First Motion for Summary Judgment, thereby dismissing the Micelis' affirmative claims against BONYM.  (Dkt. # 26.)  On March 9, 2015, BONYM filed a Motion for Summary Judgment on its counterclaim for foreclosure, which is the only claim left before the Court.  (Dkt. # 30.)

## LEGAL STANDARD

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribudora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703,

706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Kevin M. Ehringer Enters. v. McData Serv. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.2d 539, 541 (5th Cir. 2003)).

Because this case comes before the Court on the basis of diversity jurisdiction, the Court applies Texas substantive law to the following analysis.  28 U.S.C. § 1332; Westerman v. Sears, Roebuck & Co., 577 F.2d 873, 879 (5th Cir. 1978) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

## DISCUSSION

I.      Counter-Plaintiff's Claim for Non-Judicial Foreclosure

To foreclose under a Deed of Trust with a power of sale, Texas law requires the lender or its assignee to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the Note and Deed of Trust; and (4) the lender has properly served the borrower with notice of default, and if applicable, notice of acceleration. See Tex. Prop. Code § 51.002(d); see also Huston v. U.S. Bank Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014) (unpublished decision).

BONYM asserts that it is entitled to summary judgment on its claim for foreclosure under the Deed of Trust because the Micelis defaulted on the loan to which BONYM is a mortgagee, and because it has met the requirements of Texas Property Code § 51.002. (Dkt. # 30 ¶ 8.) It is undisputed that the Micelis executed the Note in the principal amount of $308,000 on March 23, 2007, that the Note was secured by a Deed of Trust created under Article 16, Section 50(a)(6) of the Texas Constitution with a power of sale, and that the Micelis are currently in default. (See Note at 1; Deed of Trust at 12; Bauer Decl. ¶¶ 6, 9.)

Additionally, BONYM has established that it properly served the Micelis with both a Notice of Default and a Notice of Acceleration. The Texas

Property Code requires the mortgage servicer to serve a debtor in default with written notice by certified mail stating that the Note is in default and providing at least twenty days to cure before any notice of sale can be given.  Tex. Prop. Code § 51.002(d).  Service of a notice by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.  Id. § 51.002(e).  The Deed of Trust here further requires that the notice of default specify the default, the action required to cure the default, a date at least thirty days from the date of notice by which the default must be cured, and that failure to cure will result in acceleration of the debt.  (Deed of Trust at 12.)

The Notice of Default satisfied the requirements of both the Deed of Trust and Texas law.  BAC Home Loans, as servicer for BONYM, sent the Notice of Default by both regular and certified mail to the Micelis at their last known address.  (Dkt. # 30-1, Ex A-6.)  In the Notice of Default, BAC Home Loans stated that the loan was in default and that the Micelis needed to tender $5,725.16 within thirty days to become current on the loan.  Id.  The Notice further stated that failure to timely bring the loan current would result in an acceleration of the debt, which would become due and payable in full, and that foreclosure proceedings would be initiated at that time.  Id.

BONYM's Notice of Acceleration also complied with Texas law. Effective acceleration requires notice of intent to accelerate and notice of acceleration, which must both be "clear and unequivocal." Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001). As discussed above, the Notice of Default included clear notice of intent to accelerate and provided thirty days to cure the default. BONYM sent its Notice of Acceleration to the Micelis at their last known address on July 5, 2012, well after the thirty day minimum set out in the Notice and required by the Deed of Trust, by both regular and certified mail. (See Bauer Decl. ¶ 8; Dkt. # 30-1, Ex. A-7.) The Notice of Acceleration clearly stated that the maturity date of the Note was accelerated effective as of the date of notice, and that debt was due in its entirety. (Dkt. # 30-1, Ex. A-7.) The Micelis have offered no evidence of any defect in either the Notice of Default or Notice of Acceleration. There is therefore no dispute of material fact, and the Court finds that BONYM's notices complied with Texas law and the Deed of Trust.

The Micelis's Response to BONYM's Motion for Summary Judgment largely recycles the arguments addressed and rejected by the Court in its Order Accepting the Magistrate Judge's Report and Recommendation. (See Dkt. # 26.) The Court will not address these arguments again here. The Micelis do, however, raise one new argument: that foreclosure by BONYM is barred by the statute of limitations. The Micelis argue that the limitations period began to run after they

received a Notice of Acceleration in 2008, and as a result BONYM's claim for foreclosure is barred by the statute of limitations set forth in Texas Civil Practice & Remedies Code § 16.035(a).  (Dkt. # 33 ¶ 47.)

Federal Rule of Civil Procedure 8 provides that, in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c)(1).  Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case.  LSREF2 Baron, L.L.C. v. Tauch, 751 F.3d 394, 398 (5th Cir. 2014).  While a technical failure to comply precisely with Rule 8(c) is not fatal, the Court has discretion to determine whether the party against whom the defense was raised suffered prejudice or unfair surprise as a result of the delay.  Id.

A statute of limitations bar is an affirmative defense.  Tex. R. Civ. P. 94; Arismendez v. Nightingale Home Health Care, Inc., 493 F.3d 602, 610 (5th Cir. 2007) ("In a diversity action such as this, substantive state law determines what constitutes an affirmative defense.").  The Micelis were therefore required to assert their statute of limitations defense in responding to BONYM's counterclaim. The Micelis never filed an answer to BONYM's counterclaim, which BONYM filed in December 2013 (Dkt. # 4), and they did not raise the limitations defense until their Response to the instant Motion for Summary Judgment.  (Dkt. # 33 ¶ 47.)  The Micelis' assertion of the statute of limitations defense at this late date,

well over a year after its responsive pleading was due and well after the period for discovery has expired, is the definition of unfair surprise, prejudices BONYM's ability to respond, and is certainly not made within "a pragmatically sufficient time." See Tauch, 751 F.3d at 398. The Micelis have thus waived their statute of limitations defense.

The Court further notes that even if it allowed the Micelis to raise the statute of limitations defense, the defense would not bar BONYM's claim. Under Texas law, a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(a). When the four year period expires, the lien and the power of sale become void. Holy Cross Church, 44 S.W.3d at 567. If a note or deed of trust contains an optional acceleration clause, the cause of action "accrues only when the holder actually exercises its option to accelerate." Id. at 566. Further, "[e]ven when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without seeking the remedies available to it upon declared maturity." Id. at 566–67.

Here, the Micelis argue that the cause of action accrued on April 28, 2008, based on their receipt of a Notice of Acceleration by Countrywide Home Loans, Inc. It is undisputed, however, that the Micelis executed a Loan

10

Modification Agreement on June 16, 2008, and that BONYM continued to accept payments from the Micelis through March 2010 that were less than the full amount of the debt.  (See Bauer Decl. ¶ 5; Dkt. # 30-1, Ex. A-4; Dkt. # 30-1, Ex. A-5 at 4.) As a result, the 2008 acceleration was abandoned, and the loan was not accelerated again until the BONYM sent the July 5, 2012 Notice of Acceleration.  The cause of action therefore did not accrue until July 5, 2012.  BONYM filed its Counterclaim on December 4, 2014, well within the four year statute of limitations to enforce its lien, and BONYM's ability to enforce its lien interest on the Property would not be barred even if the Micelis had properly raised their statute of limitations.

        The Court finds that there is no genuine dispute of material fact as to BONYM's claim for foreclosure under the Deed of Trust, and that BONYM has satisfied all of the legal and contractual requirements for foreclosure on the Property.  BONYM is therefore entitled to judgment as a matter of law on its counterclaim for foreclosure under the Deed of Trust, and is entitled to sell the Property subject to the requirements of Section 51.002 of the Texas Property Code.

II.    BONYM's Claim for Attorneys' Fees

        BONYM also seeks to recover the attorneys' fees spent to defend its rights under the Deed of Trust.  "Attorneys' fees are recoverable from an opposing party only as authorized by statute or by contract between the parties."  Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809, 817 (Tex. 2006).  While the mortgagor

is not personally liable for attorneys' fees under Section 50(a)(6)(C) of the Texas Constitution, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. See In re Mullin, 433 B.R. 1, 17 (Bankr. S.D. Tex. 2010).

When a party seeks attorneys' fees, it must prove both the amount of the fees and the reasonableness of the fees, subject to court inquiry. See Kan v. OneWest Bank, FSB, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011). Factors considered in determining the amount of reasonable attorneys' fees include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Petrohawk Props., L.P. v. Jones, 455 S.W.3d 753, 784 (Tex. App. 2015) (citing Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 815 (Tex. 1997).

Here, the Deed of Trust states as follows:

> Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

(Deed of Trust ¶ 21.)  This language makes clear that BONYM may recover its attorneys' fees incurred in defending its rights as lienholder, insofar as such recovery does not violate the Texas Constitution.  However, BONYM has not provided any evidence regarding the amount or reasonableness of its attorneys' fees in this matter.  The Court is therefore unable to determine whether BONYM's attorneys' fees were reasonable compared to a similar market and for similar services.  The Court therefore **DENIES** BONYM's Motion for Summary Judgment with respect to its claim for attorneys' fees.  Following the entry of this Order, BONYM may move for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Counter-Plaintiff's Motion for Summary Judgment.  (Dkt. # 30).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, July 9, 2015.

_____
David Alan Ezra
Senior United States Distict Judge